Katherine A. Musbach (SBN: 318683)
Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
kmusbach@grsm.com
Telephone: (312) 980-6798
Facsimile: (312) 565-6511

Attorneys for Plaintiff
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY CHAPIN; MANUEL AGUEROS; PAUL FOURNIER; ROBERT LAUTENSLAGER; JEFFREY REILLEY; JORGE EGUILUZ; EGUILUZ LABOR SERVICE LLC; INDUSTRIAL PRECISION LLC; UNIVERSAL PLANT SERVICE, LLC; CK RENEWABLES, LLC; AND PRECISION METALWORKS, LLC<br><br>Defendants. | CASE NO. 18-cv-1433<br><br>**COMPLAINT AND JURY DEMAND** |

National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), as assignee and subrogee of NextEra Energy, Inc. ("NextEra"), hereby complains of Timothy Chapin, Manuel Agueros, Paul Fournier, Robert Lautenslager, Jeffrey Reilley, Jorge Eguiluz, Eguiluz Labor Service LLC, Industrial Precision LLC, Universal Plant Service LLC, CK Renewables LLC and Precision Metalworks, LLC as follows:

-1-
Complaint

## INTRODUCTION

1. Timothy Chapin, a former employee of High Winds, LLC, an energy generation facility owned and operated by NextEra in Solano County, California, conspired with Manuel Agueros, Paul Fournier, Robert Lautenslager, Jeffrey Reilley, Jorge Eguiluz, Eguiluz Labor Service LLC, Industrial Precision LLC, Universal Plant Service LLC, CK Renewables LLC, and Precision Metalworks, LLC (collectively "Defendants") to defraud NextEra, thereby enriching themselves at the expense of NextEra. As explained in the Indictment and Plea Agreements in *United States v, Chapin, et al*, Case No. 17-cr-00053, currently pending in the Eastern District of California, Defendants conspired to secretly embezzle money from NextEra by submitting false and fraudulent invoices from fictitious vendors to High Winds – thereby charging NextEra for goods/services NextEra did not receive and causing NextEra to suffer a $2,399,762.67 loss.

2. Pursuant to a Commercial Crime Policy, National Union reimbursed NextEra for its loss and paid NextEra $1,399,762.67 (which represents NextEra's $2,399,762.67 loss, less a $1 million deductible). In exchange, NextEra assigned to National Union its rights of recovery against Defendants. (Exhibit A, Assignment and Release). As a result, National Union is legally and equitably subrogated to NextEra's rights against Defendants and any other party potentially responsible for the loss, as set forth in the Assignment and Release.

## JURISDICTION AND VENUE

3. National Union Fire Insurance Company of Pittsburgh, Pa. is a Pennsylvania corporation with its principal place of business at 175 Water Street, New York, New York 10038.

4. Upon information and belief, Timothy Chapin is a resident of San Joaquin County, California, and at all times relevant to this Complaint, worked at a facility owned by NextEra in Solano County, California.

-2-
Complaint

5. Upon information and belief, Manuel Agueros is a resident of San Joaquin County, California, and at all times relevant to this Complaint, worked at a facility owned by NextEra in Solano County, California.

6. Upon information and belief, Paul Fournier is a resident of Arizona, who defrauded and conspired to defraud NextEra in and around Solano County, California.

7. Upon information and belief, Robert Lautenslager is a resident of Alameda County, California, who defrauded and conspired to defraud NextEra in and around Solano County, California.

8. Upon information and belief, Jeffrey Reilley is a resident of San Joaquin County, California, and at all times relevant to this Complaint, worked at a facility owned by NextEra in Solano County, California.

9. Upon information and belief, Jorge Eguiluz is a resident of San Joaquin County, California and during the time relevant to this Complaint, owned, operated and controlled a labor contracting business called J. Eguiluz Labor Service LLC, which was headquartered in San Joaquin County, California. Upon information and belief, Eguiluz defrauded and conspired to defraud NextEra in and around Solano County, California.

10. Upon information and belief, Eguiluz Labor Service LLC is a California Company with its alleged principal place of business in Joaquin County, California.

11. Upon information and belief, Industrial Precision LLC is an Arizona company with its alleged principal place of business in Arizona, which defrauded and conspired to defraud NextEra in and around Solano County, California.

12. Upon information and belief, Universal Plant Service, LLC is an Arizona company with its alleged principal place of business in Arizona, which defrauded and conspired to defraud NextEra in and around Solano County, California.

-3-
Complaint

13. Upon information and belief, CK Renewables, LLC is an Arizona company with its alleged principal place of business in Arizona, which defrauded and conspired to defraud NextEra in and around Solano County, California.

14. Upon information and belief, Precision Metalworks, LLC was a California Company with a principal place of business in Alameda County, California, which defrauded and conspired to defraud NextEra in and around Solano County, California.

15. This court has jurisdiction over this case pursuant to 29 U.S.C. §1332 as there is complete diversity of citizenship between the Plaintiff and Defendants and the amount in controversy exceeds $75,000.

16. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to National Union's claim occurred in this District.

**FRAUD**

17. On April 6, 2017, the United States Attorney filed an Indictment against Defendants Chapin, Agueros, Fournier, Lautenslager, Reilley and Eguiluz alleging that they conspired to create fictitious vendors, and submitted false and fraudulent invoices for products and services never rendered. From October 2010 through February 2016, they conspired and agreed to create and submit false and fraudulent invoices from fictitious vendors – thereby inducing NextEra to issue payment for services it did not receive.

18. Starting around October 21, 2010, Fournier registered and opened business checking accounts for several limited liability companies – including Industrial Precision LLC, Universal Plant Service, LLC, and CK Renewables, LLC. These companies were shell companies that had no facilities and provided no actual products/services. Nonetheless, Fournier executed Federal Electronic Data Interchange ("FEDI") Agreements with NextEra to facilitate payments by NextEra.

-4-
Complaint

19. On or about June 18, 2013, Lautenslager registered and opened business checking accounts for Precision Metalworks, LLC, (together with Industrial Precision LLC, Universal Plant Service, LLC, and CK Renewables, LLC, the "Fraudulent Companies"), a shell company with no facilities which provided no actual products or services. Lautenslager executed FEDI Agreements with NextEra to facilitate payments by NextEra.

20. Defendants thereafter submitted and approved materially false and fraudulent invoices (along with false supporting documents) to NextEra in the names of J. Eguiluz Labor Service LLC and the Fraudulent Companies seeking payment for parts and services not actually provided and never intended to be provided to NextEra. After NextEra paid the false and fraudulent invoices, Fournier, Lautenslager and Eguiluz shared the proceeds of fraud with Chapin, Agueros and Reilley.

21. In total, Defendants obtained approximately $2,399,762.67 to which they were not entitled as a result of the false and fraudulent invoices submitted to NextEra.

### CHAPIN'S PLEA AGREEMENT

22. On February 20, 2018, Defendant Chapin pled guilty to Count One and Count Thirteen of the Indictment, admitting his role in the fraud upon NextEra, consenting to the forfeiture of assets which he admits were obtained through the fraud and agreeing to pay restitution.

23. Pursuant to the factual allocution, Chapin admitted that beginning in October 2010 and continuing through in or around February 2016, he and Fournier, Lautenslager and Eguiluz knowingly conspired and agreed to secretly obtain money from NextEra and High Winds by submitting materially false and fraudulent invoices from the Fraudulent Companies and J. Eguiluz Labor Service LLC (representing obligations that NextEra and High Winds did not owe).

24. The scheme involved the creation and use of several shell companies and J. Eguiluz Labor Service LLC to, among other things, submit false and fraudulent invoices to NextEra and High Winds, and to receive payments induced by these companies. To that end, Chapin admitted that with his agreement, Fournier opened business checking accounts, and executed FEDI Agreements with NextEra to facilitate payments by NextEra.

25. Chapin also admitted that he, Fournier, Lautenslager, Eguiluz, Agueros, and Reilley thereafter submitted and approved false and fraudulent invoices (as well as false supporting documents) in the names of the Fraudulent Companies and Eguiluz Labor Service LLC to NextEra and High Winds for parts and services not actually provided. The submission of the false and fraudulent invoices resulted in payments by checks and electronic ACH payments from the accounts payable department of High Winds to the Fraudulent Companies and Eguiluz Labor Service LLC. Thereafter, Fournier, Lautenslager, and Eguiluz shared the money with Chapin, Reilley and Agueros.

## FOURNIER'S PLEA AGREEMENT

26. On October 10, 2017, Defendant Fournier pled guilty to Count One of the Indictment, admitting his role in the fraud upon NextEra, consenting to the forfeiture of assets which he admits were obtained through the fraud and agreeing to pay restitution.

27. Pursuant to the factual allocution, Fournier admitted that beginning in October 2010 and continuing through in or around February 2016, he and Chapin, knowingly conspired and agreed to secretly obtain money from NextEra and High Winds by submitting materially false and fraudulent invoices from the Fraudulent Companies (representing obligations that NextEra and High Winds did not owe).

28. The scheme involved the creation and use of several shell companies to, among other things, submit false and fraudulent invoices to NextEra and High Winds, and to receive

-6-
Complaint

payments induced by these companies. To that end, Fournier admitted he registered three of the Fraudulent Companies, opened business checking accounts, and executed FEDI Agreements with NextEra to facilitate payments by NextEra.

29.     Fournier also admitted that he, Chapin, Agueros, and Reilley thereafter submitted and approved false and fraudulent invoices in the names of the Fraudulent Companies (as well as false supporting documents) to NextEra and High Winds for parts and services not actually provided. The submission of the false and fraudulent invoices resulted in payments by checks and electronic ACH payments from the accounts payable department of High Winds to the Fraudulent Companies.  Thereafter, Fournier shared the money with Chapin, Reilley and Agueros.

## AGUEROS' PLEA AGREEMENT

30.     On February 6, 2018, Defendant Agueros pled guilty to Count One and Count Eighteen of the Indictment, admitting his role in the fraud upon NextEra and agreeing to pay restitution. Pursuant to the factual allocution, Agueros admitted that beginning in October 2010 and continuing through in or around February 2016, Chapin and Fournier knowingly conspired and agreed to secretly obtain money from NextEra and High Winds by submitting materially false and fraudulent invoices from the Fraudulent Companies (representing obligations that NextEra and High Winds did not owe).  Agueros admitted that he discussed the fraudulent scheme with Chapin and that he agreed to and did in fact join the scheme to steal from NextEra by, among other actions, manually approving materially false and fraudulent invoices from the Fraudulent Companies (representing obligations that NextEra and High Winds did not owe) for payment. In return, Ageros admitted that Fournier deposited funds fraudulently obtained from NextEra into Ageros' personal bank account.

31. Agueros also admitted that he introduced Chapin and Eguiluz. He conspired for Eguiluz to join the fraudulent scheme against NextEra by having Eguiluz authorize and sign a FEDI Agreement on behalf of J. Eguiluz Labor Service LLC with NextEra to facilitate the payment of money from NextEra to J. Eguiluz Labor Service LLC. Thereafter, J. Eguiluz Labor Service LLC submitted false and fraudulent invoices for work never performed for NextEra and obtained payment from NextEra for those false and fraudulent invoices.

### LAUTENSLAGER'S PLEA AGREEMENT

32. On April 3, 2018, Defendant Lautenslager pled guilty to Count Twenty-Five of the Indictment, admitting his role in the fraud upon NextEra and agreeing to pay restitution.

33. Pursuant to the factual allocution, Lautenslager admitted that beginning in or around June 2013 and continuing through in or around December 2014, he and Chapin knowingly conspired and agreed to secretly obtain money from NextEra and High Winds by submitting materially false and fraudulent invoices from Precision Metalworks, LLC (representing obligations that NextEra and High Winds did not owe).

34. The scheme involved the creation and use of Precision Metalworks, LLC, a company with no physical facilities which provided no actual products or services, to, among other things, submit false and fraudulent invoices to NextEra and High Winds, and to receive payments induced by Precision Metalworks, LLC. To that end, Lautenslager admitted that he opened a business checking account and executed a FEDI Agreement with NextEra to facilitate payments by NextEra.

35. Lautenslager admitted that he and Chapin thereafter submitted and approved false and fraudulent invoices (and false supporting documents) in the name of Precision Metalworks, LLC to NextEra and High Winds for parts and services not actually provided. The submission of

the false and fraudulent invoices resulted in payments by checks and electronic ACH payments from the accounts payable department of High Winds to Precision Metalworks, LLC.

## COUNT I: BREACH OF FIDUCIARY DUTY
### AS TO DEFENDANTS CHAPIN, REILLEY AND AGUEROS

36. National Union repeats, realleges, and incorporates the allegations contained in all prior paragraphs of this Complaint as if alleged fully herein.

37. Defendants owed fiduciary duties to High Winds and NextEra.

38. Defendants breached these fiduciary duties to High Winds and NextEra by engaging in the above-described fraud for their own personal benefit.

39. Defendants Chapin, Reilley and Agueros were faithless and disloyal employees.

40. National Union, as assignee and subrogee of NextEra, is entitled to and seeks recovery of compensation paid to Defendants during the term of their breaches of fiduciary duty in an amount to be determined at trial.

41. National Union, as assignee and subrogee of NextEra, is entitled to and seeks recovery of benefits paid to Defendants during the term of their breaches of fiduciary duty in an amount to be determined at trial.

42. National Union, as assignee and subrogee of NextEra, is entitled to and seeks recovery of the loss caused by Defendants as a result of breaches of fiduciary duty in an amount to be determined at trial, including, but not limited to, damages for: (a) losses caused by Defendants' conduct; and (b) and investigation and audit costs.

43. By reason of the foregoing, National Union demands judgment against Defendants in an amount to be determined at the trial of this action.

WHEREFORE, National Union Fire Insurance Company of Pittsburgh, Pa., prays for a judgment in its favor and against the Defendants in an amount to be determined at the trial of this action, but reasonably estimated to be no less than $2,399,762.67 plus interest thereon; for an

award costs, disbursements, and attorneys' fees of this action; and for any other, further, and different relief as this Court may deem just and proper.

### COUNT II: FRAUD
### AS TO ALL DEFENDANTS

44. National Union repeats, realleges, and incorporates the allegations contained in all prior paragraphs of this Complaint as if alleged fully herein.

45. Defendants knowingly conspired and agreed to secretly obtain money from NextEra and High Winds by submitting and approving for payment materially false and fraudulent invoices from the Fraudulent Companies and J. Eguiluz Labor Service LLC (representing obligations that NextEra and High Winds did not owe).

46. The scheme involved the creation and use of several shell companies to, among other things, submit false and fraudulent invoices to NextEra and High Winds, and to receive payments induced by the Fraudulent Companies and J. Eguiluz Labor Service LLC. To that end, Chapin admits that he knowingly conspired and agreed with the other Defendants to secretly obtain money from NextEra and High Winds by submitting and approving for payment materially false and fraudulent invoices from the Fraudulent Companies and J. Eguiluz Labor Service LLC (representing obligations that NextEra and High Winds did not owe). To perpetrate the fraud, Defendants opened business checking accounts, executed FEDI Agreements with NextEra to facilitate payments by NextEra, submitted false and fraudulent invoices to NextEra and High Winds, and received payments induced by these companies. Chapin's admissions are substantiated by Fournier, Agueros and Lautenslagers' plea agreements.

47. Defendants knew the misrepresentations were false when made, or made the misrepresentations with reckless disregard of their falsity.

48. Defendants intentionally, willfully, purposefully, and/or recklessly made the misrepresentations to, or concealed material facts from, NextEra in order to deceive, defraud,

-10-
Complaint

mislead, and/or induce NextEra into paying money Defendants had not earned or were not entitled to receive.

49. Defendants knowingly made the misrepresentations with the intent and expectation that NextEra would act on those representations, which NextEra did.

50. NextEra reasonably and justifiably relied on Defendants' misrepresentations.

51. As a result of the Defendants' conduct, NextEra incurred damages.

52. National Union, as assignee and subrogee of NextEra, is entitled to and seeks recovery of the damages Defendants caused to NextEra.

WHEREFORE, National Union Fire Insurance Company of Pittsburgh, Pa., prays for a judgment in its favor and against the Defendants in an amount to be determined at the trial of this action, but reasonably estimated to be no less than $2,399,762.67 plus interest thereon; for an award costs, disbursements, and attorneys' fees of this action; and for any other, further, and different relief as this Court may deem just and proper.

**COUNT III: UNJUST ENRICHMENT**
**AS TO ALL DEFENDANTS**

53. National Union repeats, realleges, and incorporates the allegations contained in all prior paragraphs of this Complaint as if alleged fully herein.

54. Defendants knowingly conspired and agreed to secretly obtain money from NextEra and High Winds by submitting materially false and fraudulent invoices from the Fraudulent Companies and J. Eguiluz Labor Service LLC (representing obligations that NextEra and High Winds did not owe).

55. The scheme involved the creation and use of several shell companies and J. Eguiluz Labor Service LLC to, among other things, submit false and fraudulent invoices to NextEra and High Winds, and to receive payments induced by the fraudulent invoices. To that end, Chapin admits that he knowingly conspired and agreed with the other Defendants to secretly

-11-
Complaint

obtain money from NextEra and High Winds by submitting and approving for payment materially false and fraudulent invoices from the Fraudulent Companies and J. Eguiluz Labor Service LLC (representing obligations that NextEra and High Winds did not owe). To perpetrate the fraud, Defendants opened business checking accounts, executed FEDI Agreements with NextEra to facilitate payments by NextEra, submitted false and fraudulent invoices to NextEra and High Winds, and received payments induced by these companies. Chapin's admissions are substantiated by Fournier, Agueros and Lautenslagers' plea agreements.

56. As a result, Defendants received millions of dollars to which they were not otherwise entitled. Defendants converted those funds to their own use and retained that which was generated solely as a result of the fraud perpetrated upon NextEra.

57. Defendants retained these benefits to NextEra's detriment.

58. Defendants' retention of these benefits violates the fundamental principles of equity, justice and good conscience.

59. As a result, NextEra has sustained damages to Defendants' benefit and unjust enrichment.

60. National Union, as assignee and subrogee of NextEra, is entitled to and seeks recovery of the damages Defendants caused to NextEra and Defendants' unjust enrichment at Defendants' expense.

WHEREFORE, National Union Fire Insurance Company of Pittsburgh, PA, prays for a judgment in its favor and against the Defendants in an amount to be determined at the trial of this action, but reasonably estimated to be no less than $2,399,762.67 plus interest thereon; for an award costs, disbursements, and attorneys' fees of this action; and for any other, further, and different relief as this Court may deem just and proper.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Dated: September 6, 2018

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Katherine A. Musbach*
Katherine A. Musbach
SBN: 318683
275 Battery Street, Suite 2000
San Francisco, CA 94111
(312) 980-6798
kmusbach@grsm.com

*Attorney for National Union Fire Insurance Company of Pittsburgh, PA*

-13-
Complaint